# EXHIBIT E

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

HEITMAN CREDIT ACQUISITION XV, LLC,

PLAINTIFF,

-AGAINST-

MP BEDFORD PROPERTY LLC, MEADOW REAL
ESTATE FUND II L.P., NEW YORK CITY
DEPARTMENT OF FINANCE, CRIMINAL COURT OF
THE CITY OF NEW YORK, AND "JOHN DOE # 1,"
THROUGH "JOHN DOE # 12" THE NAMES OF THE
LAST TWELVE DEFENDANTS BEING FICTITIOUS
AND UNKNOWN TO PLAINTIFF, PLAINTIFF
INTENDING TO DESIGNATE THEREBY PERSONS
OR PARTIES HAVING OR CLAIMING TO HAVE AN
INTEREST IN OR LIEN UPON THE DESCRIBED
PREMISES,

DEFENDANTS.

INDEX NO. _____ /20

**SUMMONS**

Originally Filed with Clerk on:

_____

Plaintiff Designates New York
County As The Place of Trial

Property Address: 118 East 40th Street, New York, New York 10016

TO EACH OF THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service of this summons, (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); the United States of America may appear or answer within 60 days of service hereof; and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
        December 16, 2020

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Eric N. Whitney*_____
    James M. Catterson
    Eric N. Whitney
    Michael Lynn

250 West 55th Street
New York, New York 10019
(212) 836-8000
james.catterson@arnoldporter.com
eric.whitney@arnoldporter.com
michael.lynn@arnoldporter.com

*Attorneys for Plaintiff*

To:

MP Bedford Property LLC
c/o of Meadow Partners
130 East 59th Street, Suite 1300,
New York, New York 10022

Meadow Real Estate Fund II, L.P.
c/o of Meadow Partners
130 East 59th Street, Suite 1300
New York, New York 10022

New York City Department of Finance
59 Maiden Lane
New York, New York 10038

Criminal Court of the City of New York
100 Centre Street
New York, New York 10013

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 850203/2020

RECEIVED NYSCEF: 12/16/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

HEITMAN CREDIT ACQUISITION XV, LLC,

PLAINTIFF,

-AGAINST-

MP BEDFORD PROPERTY LLC, MEADOW REAL
ESTATE FUND II L.P., NEW YORK CITY
DEPARTMENT OF FINANCE, CRIMINAL COURT OF
THE CITY OF NEW YORK, AND "JOHN DOE # 1,"
THROUGH "JOHN DOE # 12" THE NAMES OF THE
LAST TWELVE DEFENDANTS BEING FICTITIOUS
AND UNKNOWN TO PLAINTIFF, PLAINTIFF
INTENDING TO DESIGNATE THEREBY PERSONS
OR PARTIES HAVING OR CLAIMING TO HAVE AN
INTEREST IN OR LIEN UPON THE DESCRIBED
PREMISES,

DEFENDANTS.

---

INDEX NO. _____/2020

**VERIFIED COMPLAINT IN
A FORECLOSURE ACTION**

Plaintiff Heitman Credit Acquisition XV, LLC ("Plaintiff" or "Lender"), by its

attorneys, as and for its verified complaint, alleges:

**INTRODUCTION**

1.    Plaintiff brings this action pursuant to New York's Real Property Actions

and Proceedings Law ("RPAPL"), Section 1301, et seq., to foreclose on a leasehold mortgage (the

"Mortgage") securing a loan in the principal amount of $46,300,000 (the "Loan") made to MP

Bedford Property LLC ("Borrower").  The leasehold encumbered by the Mortgage is a 99-year

ground lease ("Ground Lease") dated as of December 24, 2013 between Borrower and Bedlock

LLC, Jagendorf, LLC, Esther Evans, Alpert Holding L.L.C, Bedford-Wrand LLC and Bedford-

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM          INDEX NO. 850203/2020
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 12/16/2020

WCR LLC (collectively, "Ground Lessor"), as amended by that certain First Amendment to Agreement of Lease dated as of January 30, 2014 and as further amended by that certain Second Amendment to Agreement of Lease dated as of December 16, 2016 (collectively, the "Ground Lease") covering the land known as 118-122 East 40th Street, New York, New York, and more particularly described on Exhibit A hereto (the "Premises"), together with the improvements thereon, including a full service hotel ("The Renwick Hotel") and the Personal Property (as defined in the Loan Agreement). The Premises, Improvements and Personal Property are collectively, the "Property."

    2.    Borrower has defaulted on the Loan and the Loan has been accelerated. The aggregate outstanding principal amount of the Loan that is past due is $41,450,041.92 plus interest at the Default Interest Rate compounded monthly since April 10, 2020, protective advances made by the Lender with interest at the Default Interest Rate compounded from the date such advances were made, and other amounts due under the Loan Documents.

**PARTIES**

    3.    Plaintiff is a Delaware limited liability company, with its principal place of business c/o Heitman Capital Management, 191 North Wacker Drive, Suite 2500, Chicago, Illinois 60606

    4.    Upon information and belief, Defendant MP Bedford Property LLC is a Delaware limited liability company with an address c/o of Meadow Partners, 130 East 59th Street, Suite 1300, New York, New York 10022.

    5.    Upon information and belief, Defendant Meadow Real Estate Fund II, L.P. ("Meadow") is a Delaware limited partnership with an address c/o of Meadow Partners, 130 East 59th Street, Suite 1300, New York, New York 10022. Meadow is named as a defendant because it is a signatory to that certain Senior Guaranty of Payment (Non-Recourse Carveouts) made by

2

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

Meadow, as guarantor, in favor of Lender made as of January 16, 2019 (the "Senior Guaranty") and may be liable for part or all of the debt that may remain unsatisfied after the sale of the Property and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the RPAPL.

6.      Upon information and belief, Defendant New York City Department of Finance is an agency of the City of New York, with an address at 59 Maiden Lane, New York, New York 10038. It has been named as a defendant herein because it has or claims to have liens against the Property which are subsequent to and subordinate to the Mortgage.

7.      Upon information and belief, Defendant Criminal Court of the City of New York is a tribunal of the State of New York, having an address at 100 Centre Street, New York, New York 10013. It is named as a defendant herein because it has or claims to have liens against the Property which are subsequent to and subordinate to the Mortgage.

8.      Defendants "JOHN DOE #1" through "JOHN DOE #12" are fictitious names and unknown to plaintiff, and have been made defendants to this action because of possible claims or interest in possession or liens against the Property.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to New York Judiciary Law § 140-b.

10.      This Court has personal jurisdiction over defendants because the action stems from the Property that is located in New York. All of the defendants either reside in New York or have their principal place of business in New York. Additionally, Borrower consented to jurisdiction in New York under the Loan Documents.

3

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 850203/2020

RECEIVED NYSCEF: 12/16/2020

11.     Venue is appropriate in this county pursuant to CPLR 507.  Additionally, Borrower consented to venue in New York County under the Loan Documents.

## FACTS

### The Loan and Loan Documents

12.     Lender made a loan to Borrower in the maximum principal amount of up to $46,300,000 pursuant to the terms and conditions of that certain Senior Loan Agreement made as of January 16, 2019, as amended by that certain Senior Omnibus Agreement made as of April 29, 2020, collectively, the "Loan Agreement".  A true and correct copy of the Senior Loan Agreement, as amended by that certain Senior Omnibus Agreement dated as of April 29, 2020 is collectively attached hereto and made a part hereof as Exhibit B.[1]

13.     In connection with the Loan, Borrower executed in favor of and delivered to Plaintiff that certain Amended and Restated Senior Promissory Note dated as of January 16, 2019, in the maximum principal amount equal to the Loan (the "Note").  A true and correct copy of the Note is attached hereto and made a part hereof as Exhibit C.

14.     As further security for the repayment of the indebtedness evidenced by the Note and performance of other obligations under the Loan Agreement and other Loan Documents, Borrower, as Mortgagor, gave to Plaintiff that certain Consolidated Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated January 16, 2019 and recorded in the Office of the City Register of New York County on January 18, 2019 under City Register File Number ("CRFN") 2019000020871 (the "Mortgage").  The Mortgage provides Lender with a first priority mortgage lien upon, *inter alia,* (1) all of Borrower's right, title and

---

[1]     All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

4

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM    INDEX NO. 850203/2020
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 12/16/2020

interest in the Ground Lease and (ii) all of the improvements now or hereafter erected on the Premises, including The Renwick Hotel, the appurtenances thereto, equipment thereat, fixtures thereon, proceeds thereof, rents received therefrom and all tangible and intangible personal property, contracts rights, claims, accounts receivable, and deposit accounts. A true and accurate copy of the Mortgage is attached hereto and made a part hereof as Exhibit D.

15.    All mortgage tax assessed by the laws of the State of New York on said Mortgage was fully paid at or prior to the time of the recording of the Mortgage to the appropriate city office.

16.    Plaintiff further perfected its security interest in certain of the Property by filing a UCC-1 Financing Statement (the "UCC-1 Financing Statement") and duly recording the UCC-1 Financing Statement in the Office of the City Register of New York County on January 18, 2019 under CRFN 2019000020873. A true and correct recorded copy of the UCC-1 Financing Statement is attached hereto and made a part hereof as Exhibit E.

**The Guaranties**

17.    As consideration for the loan to Borrower, and as further security therefor, Meadow and Borrower entered into that certain Senior Environmental Indemnity Agreement dated as January 16, 2019 (the "Environmental Indemnity Guaranty") whereby Borrower and Meadow undertook certain obligations with respect to hazardous substances and agreed to indemnify plaintiff for losses related to environmental hazards.. A true and correct copy of the Environmental Indemnity Guaranty is attached hereto and made a part hereof as Exhibit F.

18.    In addition, as further consideration for the loan to Borrower, and as further security therefor, Plaintiff and Meadow entered into the Senior Guaranty. Under the Senior Guaranty, Meadow is liable to Lender for certain obligations, referred to as "Guaranteed

5

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

Obligations," which include Guarantor's Recourse Liabilities, and from and after the occurrence of certain events referred to in the Senior Guaranty as "Springing Recourse Events," payment in full of the entire indebtedness. A true and correct copy of the Senior Guaranty is attached hereto and made a part hereof as Exhibit G.   Borrower has failed to use reasonable efforts to cause the Hotel Manager to maintain or repair the Premises.  Under the Senior Guaranty, any intentional physical waste of the premises permitted by Borrower, or from a failure by Borrower to (subject to the terms of the Hotel Management Agreement), or to use reasonable efforts to cause the Hotel Manager to, maintain or repair the Premises in the manner required by the Security Instrument or the Loan Documents is a Guarantor's Recourse Liability and a Guaranteed Obligation of Guarantor under the Senior Guaranty.

19.    The Loan Agreement, Note, Mortgage, Assignment of Leases and Rents, UCC-1 Financing Statement, and the Senior Guaranty are sometimes collectively referred to as the "Loan Documents."

20.    Plaintiff is the sole lender and holder of the Loan Documents.

21.    The Loan Documents provide, *inter alia*, that, in the event of a sale of the Property pursuant to state or federal law by the holder of the Mortgage for recovery of the demanded unpaid indebtedness due from Borrower, the sale proceeds can be applied to all costs relating to the sale of the Property including, among other things, Lender's attorneys' fees.

**Borrower Breaches the Loan Documents**

22.    By letter dated April 13, 2020, Lender notified Borrower that Borrower failed to make the scheduled interest payment due for April 10, 2020, which was in violation of Section 2 of the Note, resulting in an immediate Event of Default ("EOD") pursuant to Section 7.1(a) of the Loan Agreement (the "Payment Default").   In addition to the Payment Default,

6

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 850203/2020

RECEIVED NYSCEF: 12/16/2020

Lender notified Borrower that Borrower was in default of the Loan Agreement as a result of, among other things, Borrower's failure to comply with Sections 5.23, 7.1(m), 7.1(h)(vii) and 7.1(q) of the Loan Agreement (the "Defaults" and together with the Payment Defaults, the "Existing Defaults"). A copy of the April 2020 Default Notice is attached as Exhibit H.

23.     Subsequently Borrower failed to make the scheduled interest payments due for May, June, July, August, September, October and November 2020.

**Lender Makes Protective Advances to Protect its Interest in the Property**

24.     Pursuant to Section 21 of the Mortgage, Lender is permitted to make payments ("Protective Advances") to protect its security interest in the Property. Such Protective advances, when made by Lender, become additional Indebtedness under the Loan Documents, and become due and payable within ten Business Days following written notice with interest thereon from date of the advance until paid at the Default Interest Rate, and the Mortgage is a lien for all Protective Advances as to subsequent purchasers and judgment creditors from the time the Mortgage is recorded. True and correct copies of each notice by Lender to Borrower that it was making a Protective Advance are collectively attached hereto as Exhibit I.

25.     By letter dated April 10, 2020, Lender provided Borrower with notice that it was making a Protective Advance with respect to the following expense with respect to the Property and/or the Loan that was due and payable: $93,526.19 to Highgate Hotels L.P. ("Highgate") to be paid by Highgate to the New York Hotel Trades Council & Hotel Association of New York City Employee Benefit Funds. Such Protective Advance was due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

7

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

26.     By letter dated April 22, 2020, Lender provided Borrower with notice that it was making a Protective Advance with respect to the base rent due by Borrower to Ground Lessor under the Ground Lease for the month of April 2020 in the amount of $115,900.35. Such Protective Advance was due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

27.     By letter dated May 5, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $40,800.25 to Sentinel for past-due invoices relating to security at the Property; (ii) $13,234.59 to Highgate for payroll related costs, (iii) $5.000.00 to Seyfarth Shaw LLP for attorney fees relating to union issues; (iv) $110,381.29 to Ground Lessor for May 2020 rent under the Ground Lease and (v) $11,551.79 to Highgate for payroll, chargebacks and computer firewall security. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

28.     By letter dated May 12, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $72,156.07 to Highgate for union dues of the month of April 2020, (ii) $5,211.08 to Highgate for payroll related costs, and (iii) $1,053.86 to Highgate for payroll related costs. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

8

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

29.     By letter dated May 19, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,211.08 to Highgate for payroll related costs, and (ii) $1,427.02 to Highgate for payroll related costs. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

30.     By letter dated May 26, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,168.56 to Highgate for payroll related costs, (ii) $1,427.02 to Highgate for payroll related costs, (iii) $7,340.08 to CCI Systems for phone and fire panel services, and (iv) $1,558.88 to Ecolab for pest elimination. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

31.     By letter dated June 2, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,168.56 to Highgate for payroll related costs, (ii) $1,851.05 to Highgate for payroll related costs, (iii) $2,240.88 to Universal Premium for workers compensation, (iv) $10,464.68 to Sentinel Management Group for security services, and (v) $6,605.64 to ILG Mechanical Services for plumbing. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of

9

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

32.    By letter dated June 11, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,168.56 to Highgate for payroll related costs for week of June 1, (ii) $1,427.05 to Highgate for payroll related costs for week of June 1, (iii) $5,168.56 to Highgate for payroll related costs for week of June 8, (iv) $1,427.05 to Highgate for payroll related costs for week of June 8, (v) $68,253.61 to Health Benefits Fund for union benefits; (vi) $9,499.58 to American Elevator for elevator services, (vii) $822.76 to Natalie Bogan for expenses and (viii) $5,800.00 to Metriqe Solutions for accounting services. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

33.    By letter dated June 16, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $35,966.80 to Chapman and Cutler for legal services, (ii) $9,785.00 to Seyfarth Shaw for legal services, (iii) $15,000.00 to Geller Investment for consulting services, and (iv) $58,823.87 to Willis Tower Watson for commercial property insurance. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

34.    By letter dated June 30, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the

10

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

Property and/or the Loan that were due and payable: (i) $5,168.56 to Highgate for payroll related costs for the week of June 15, (ii) $1,691.31 to Highgate for payroll related costs for the week of June 15, (iii) $14,304.17 to Highgate for payroll costs and vacation payout for the week of June 22, (iv) $1,282.07 to Highgate for payroll related costs for the week of June 22, (v) $4,732.12 to Blueport Wireless for technology services, (vi) $12,240.00 to RCN Business for internet access, (vii) $1,455.32 to M3 Enterprising Hospitality for accounting services, and (viii) $2,240.88 to Universal Premium for workers compensation. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

35.      By letter dated July 7, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,168.56 to Highgate for payroll related costs, (ii) $1,282.00 to Highgate for payroll related costs, (iii) $80,991.55 to Con Edison for electricity services, and (iv) $110,381.29 to Ground Lessor for July 2020 rent under the Ground Lease.  Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

36.      By letter dated July 14, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,168.56 to Highgate for payroll related costs, (ii) $1,282.07 to Highgate for payroll related costs, (iii) $68,253.61 to Health Benefit Funds for union benefits, (9v) $21,373.04 to Sentinel Management Group for security services, (v)

11

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020

RECEIVED NYSCEF: 12/16/2020

$34,028.95 to PJM and Sons Inc. for HVAX services, and (vi) $,374.50 to Security Validation for computer security services. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

37.     By letter dated July 21, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,168.56 to Highgate for payroll related costs, (ii) $1,121.19 to Highgate for payroll related costs; (iii) $30,492.00 to USI Southwest. Inc. for workers compensation, (iv) $1,229.73 to the Office of Administrative Trials and Hearings for DOB violations, (v) $20,654.71 to Direct Energy for electricity services, (vi) $24,776.41 to NYC Water Board for water and sewer services and (vii) $5,771.82 to building engineer.    Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

38.     By letter dated July 29, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,168.56 to Highgate for payroll related costs, (ii) $1,282,04 to Highgate for payroll related costs; (iii) $1,009.72 to Shelter Point for state disability insurance, (iv) $1,524.55 to Pump and Motor Shop for water pump repairs, (v) $5,249,52 to Sentinel Management for security services and, (vi) $1,400.43 to Ecolab for pest control services. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

12

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

39.     By letter dated August 5, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $15,881.60 to Chapman and Cutler LLP for legal services; (ii) $11,797.00 to Seyfarth Shaw LLP for legal services; (iii) $15,000 to Geller Investments for June 2020 consulting services; (iv) $15,000 to Geller Investments for July 2020 consulting services; (v) $110,381.29 to Ground Lessor for August 2020 rent under the Ground Lease; (vi) $5,168.56 to Highgate for payroll related costs; (vii) $1,282.08 to Highgate for payroll related costs; (viii) $5,249.52 to Sentinel Management for security services and, (ix) $2,240.88 to Universal Premium Financing for workers compensation.  Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

40.     By letter dated August 11, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i)  $5,168.56 to Highgate for payroll related costs; (ii) $1,282.02 to Highgate for payroll related costs; (iii) $68,253.61 to Health Benefit Funds for Union benefits and (iv) $5,291.31 to Sentinel Management for security services.   Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

41.     By letter dated August 19, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i)  $5,168.56 to Highgate for payroll related

13

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

costs; (ii) $1,282.03 to Highgate for payroll related costs; (iii) $5,624.48 to Sentinel Management for security services, (iv) .$533.49 to Ecolab for pest control and, (v) $2,900.00 to Metrique for accounting services.  Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

42.     By letter dated August 25, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i)  $5,538.94 to Highgate for payroll related costs; (ii) $1,282.02 to Highgate for payroll related costs and (iii) $5,249.52 to Sentinel Management for security services.  Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

43.     By letter dated September 1, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i)  $3,723.04 to Highgate for payroll related costs; (ii) $1,282.01 to Highgate for payroll related costs, (iii) $2,894.57 to CCI Systems for phone services, (iv) $4,080.00 to RCN Business for internet services, (v) $5,249.52 to Sentinel Management for security services, and (vi) $110,381.29 to Ground Lessor for September 2020 rent under the Ground Lease.  Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

44.     By letter dated September 17, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the

14

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM          INDEX NO. 850203/2020

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 12/16/2020

Property and/or the Loan that were due and payable: (i) $5,168.56 to Highgate for payroll related costs; (ii) $5,249.52 to Sentinel Management for security services, (iii) $961.24 to CCI Phone System for phone-related expenses, and (iv) $834.36 to Ecolab for pest control related services. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

45.     By letter dated September 24, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,715.92 to Highgate for payroll related costs and (ii) $5,212.02 to Sentinel Management for security services. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

46.     By letter dated October 1, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $6,082.42 to Highgate for payroll related costs; (ii) $5,154.52 to Sentinel Management for security services; and (iii) $110,381.29 to National Financial Services LLC for Ground Rent. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

47.     By letter dated October 8, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the

15

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 850203/2020

RECEIVED NYSCEF: 12/16/2020

Property and/or the Loan that were due and payable: (i) $5,931.74 to Highgate for payroll related costs; (ii) $5,249.52 to Sentinel Management for security services; (iii) $210.00 to Ditchik & Ditchik for property tax; (iv) $278.12 to Ecolab for pest control; (v) $2,040.00 to RCN for WifI; and (vi) $934.20 to Blueport for Wifi. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

48.    By letter dated October 15, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $6,199.20 to Highgate for payroll related costs and (ii) $5,249.52 to Sentinel Management for security services. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

49.    By letter dated October 22, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,905.21 to Highgate for payroll related costs; (ii) $5,624.48 to Sentinel Management for security services; and (iii) $1,150.00 to Jack Jaffa & Associates, City Violations Consultant. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

50.    By letter dated October 29, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the

16

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 850203/2020

RECEIVED NYSCEF: 12/16/2020

Property and/or the Loan that were due and payable: (i) $5,790.71 to Highgate for payroll related costs; (ii) $5,249.52 to Sentinel Management for security services; (iii) $3,705.02 to LG Mechanical for elevator repair; (iv) $7,620.50 to American Elevator for past due monthly service; and (v) $4,470.00 to American Elevator for repairs for DOB testing. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

51.     By letter dated November 5, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,731.45 to Highgate for payroll related costs; (ii) $5,249.52 to Sentinel Management for security services; and (iii) $110,381.29 to Bedford WCR-LLC (tenants in common) for ground rent.  Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

52.     By letter dated November 12, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,731.45 to Highgate for payroll related costs and (ii) $5,249.52 to Sentinel Management for security services.  Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

17

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

53.     By letter dated November 19, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,731.45 to Highgate for payroll related costs, (ii) $5,249.52 to Sentinel Management for security services; (iii) $53,638.79 to Arnold & Porter for legal services rendered; and (iv) $45,000.00 to Geller Associates, LLC for consultation. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

54.     By letter dated November 25, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,731.45 to Highgate for payroll related costs and (ii) $5,249.52 to Sentinel Management for security services. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage.

55.     By letter dated December 3, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,731.45 to Highgate for payroll related costs, (ii) $5,249.52 to Sentinel Management for security services and (iii) $113,140.82 for Ground Rent. Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage. Borrower has failed to repay any of the Protective Advances made by Lender.

18

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM          INDEX NO. 850203/2020
NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 12/16/2020

56.     By letter dated December 11, 2020, Lender provided Borrower with notice that it was making Protective Advances with respect to the following expenses with respect to the Property and/or the Loan that were due and payable: (i) $5,731.45 to Highgate for payroll related costs, (ii) $5,280.76 to Sentinel Management for security services, (iii) $50,961.64 to Lockton for insurance, (iv) $1,841.45 to Blueport Wireless for WiFi, (v) $4,080.00 to RCN for wireless services, (vi) and $47,623.15 to Arnold & Porter for legal services.  Such Protective Advances were due and payable to Lender within ten business days from the notice, with interest thereon from the date of the letter until paid at the Default Interest Rate and constitute additional Indebtedness secured by the Mortgage. Borrower has failed to repay any of the Protective Advances made by Lender.

57.     On December 14, 2020, Lender notified Borrower in writing that, because one or more Events of Defaults declared in the April 2020 Default Notice was continuing, pursuant to Section 7.2(ii) of the Loan Agreement, it was declaring the entire principal and all interest accrued on or under the Note to be immediately and payable and demanded immediate payment thereof (the "Notice of Acceleration").  A true and correct copy of the Notice of Acceleration is attached as Exhibit J.

58.     Borrower has failed to repay the Loan in full including the outstanding principal of $41,450,041.92, plus accrued interest at the Default Interest Rate compounded monthly since April 10, 2020, plus the Protective Advances each accruing interest at the Default Interest Rate from the date from each such advance and other amounts due under the Loan Documents.

59.     The subject loan was made to a commercial entity, was not incurred for personal, family or household purposes and the Borrower does not reside at the Property. As a

19

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 850203/2020

RECEIVED NYSCEF: 12/16/2020

result, the Borrower is not entitled to 90-day notice or the settlement conference required under CPLR § 3408.

**Lender's Right to the *Ex Parte* Appointment of a Receiver**

60.     Among Lender's rights and remedies upon the occurrence of an event of default is the right to have a receiver of rents appointed, without notice and without regard for the adequacy of the security of the Mortgage or the solvency of the Mortgagor or of any entity liable for the payment of the Debt. In this regard, Section 18.1(a)(vi) of the Mortgage provides that:

> [u]pon the occurrence and during the continuation of any Event of Default, Mortgagor agrees that [Lender] may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against [Borrower] and in and to the Property including, but not limited to the following actions. . . apply for the appointment of a . . . receiver . . . of the Property, without notice and without regard for the adequacy of the security for the Indebtedness and without regard for the solvency of the Mortgagor, any principal or any guarantor or of any person, firm or other entity liable for the payment of the Indebtedness . . . .

61.     Furthermore, Section 18.5 of the Mortgage states that:

> Receiver. Upon the occurrence and during the continuation of an Event of Default, Mortgagee shall be entitled as a matter of right without notice and without regard to the solvency or insolvency of Mortgagor, or the existence of waste of the Property or adequacy of the security of the Property, and without giving bond to apply for the appointment of a receiver in accordance with the statutes and law made and provided for who shall collect the Rents, and all other income of any kind; manage the Property so to prevent waste; execute Leases within or beyond the period of receivership, pay all third party, actual out-of-pocket expenses actually incurred for maintenance of the Property and perform the terms of this Mortgage and apply the Rents, issues, income and profits to the third party out-of-pocket costs and expenses of the receivership actually incurred, including actual attorneys' fees, to the repayment of the Indebtedness and to the operation, maintenance, and upkeep

20

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 850203/2020

RECEIVED NYSCEF: 12/16/2020

and repair of the Property, including payment of taxes on the Property and payments of premiums of insurance on the Property and any other rights permitted by law.  Mortgagor does hereby irrevocably consent to such appointment . . . .

62.     No prior action or proceeding has been commenced or is now pending for the recovery of any part of the indebtedness evidenced by the Note secured by the Mortgage sought to be foreclosed by this proceeding.

### FIRST CAUSE OF ACTION
### (To Foreclose the Mortgage)

63.     Plaintiff repeats and realleges each allegation in paragraphs 1 through 62 hereof as if fully set forth herein.

64.     Borrower has failed to comply with the terms and provisions of the Note and the other Loan Documents by failing, *inter alia*, to pay in full the interest due and payable to Lender on April 10, 2020, May 10, 2020, June 10, 2020, July 10, 2020, August 10, 2020, September 10, 2020, October 10, 2020 and November 10, 2020.

65.     Borrower's failure to pay in full the interest due and payable to Lender on each of the scheduled payment dates is a breach of Section 2 of the Note and is an EOD under Section 7.1(a) of the Loan Agreement.

66.     In addition to Borrower's failure to pay in full the interest due and payable to Lender on each of the scheduled payments, Borrower is in default of the Loan Agreement as a result of, among other things, Borrower's failure to comply with Sections 5.23, 7.1(m), 7.1(h)(vii) and 7.1(q) of the Loan Agreement.

67.     Pursuant to Section 7.2(ii) of the Loan Agreement, Lender accelerated the Loan and declared the entire Indebtedness (including, without limitation, all outstanding principal

21

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 850203/2020

RECEIVED NYSCEF: 12/16/2020

and accrued interest (including interest at the Default Interest Rate)) to be immediately due and payable and demanded payment of the entire Indebtedness in full.

68.    Borrower has failed to repay in full the entire Indebtedness.

69.    Borrower owes Lender the principal sum of $41,450,041.92 under the Note, together with interest at the Default Interest Rate compounded monthly since April 10, 2020, the Protective Advances with interest at the Default Interest Rate compounded from the date of the advances, and other expenses and fees due under the Loan Documents, which amounts continue to accrue.

70.    Lender has complied with all the terms and provisions of the Loan Documents.

71.    Pursuant to the Loan Documents, Borrower is obligated to pay taxes, assessments, water rates, sewer rents, other governmental impositions and fire and hazard insurance premiums as they become due in connection with the Property.

72.    Pursuant to the Mortgage and other Loan Documents, Borrower is obligated to pay Lender's attorney's fees and expenses incurred in any action to foreclose the mortgage, together with accrued interest at the Default Interest Rate set forth in the Note and the Mortgage.

73.    The Loan Documents provide that, in the event of an Event of Default, Lender may commence an action to foreclose the Mortgage.

74.    The Loan Documents provide that, in the event of an Event of Default, Lender may enter into and upon all or any part of the Property, and may use, operate, manage and control the Property.

75.    In order to protect its security interest in the Property, as it is entitled to do under the Loan Documents, Lender may be compelled to pay during the pendency of this action

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

local taxes, assessments, water rates, sewer rents, insurance premiums and other charges affecting the Property. Any sums thus paid by Lender for such purposes, together with interest at the Default Interest Rate and late payments due thereon, should be added to the sums otherwise due and deemed secured by the Mortgage and adjudged a lien on the Property.

76.    Each of the Defendants in this action has claimed to have some interest in or lien upon the Property or some part thereof, which interest or lien is subordinate to the lien of the Mortgage held by Lender and sought to be foreclosed in this action.

77.    Lender requests that, in the event that this action proceeds to judgment of foreclosure and sale, the Property be sold subject to: (a) covenants and restrictions; (b) easements and agreements of record; (c) building and zoning ordinances of the municipality in which the Property is located and possible violations of same; (d) any state of facts an accurate survey might show; (e) any taxes, assessments, sewer rent and water charges or other charges, if any, to the extent permitted by law; (f) any rights of tenants or persons in possession of the Property; (g) any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale; (h) prior mortgage liens of record, if any, and any advances and arrears thereunder; and (i) prior lien(s) of record, if any.

78.    In the event that Lender possesses any other lien(s) against the Property or otherwise, it requests that such other lien(s) shall not be merged in its causes of action set forth in this Complaint, but that Lender shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

79.    Lender shall not be deemed to have waived, altered, released or changed the election hereinafter made by reason of the payment after the date of the commencement of this

23

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM    INDEX NO. 850203/2020
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 12/16/2020

action of any or all of the defaults mentioned herein, and such election shall continue and remain effective until the costs and disbursements of this action, and all sums due as a result of any and all future defaults under the Loan Documents and occurring prior to the discontinuance of this action, are fully paid.

80.    Lender seeks to foreclose upon the Mortgage and recover, through the sale of the Property, the principal outstanding amount of $41,450,041.92, together with interest at the Default Interest Rate compounded monthly since April 10, 2020, the Protective Advances together with interest at the Default Interest Rate compounded from the date of the advances, and any amounts to be added pursuant to the terms of the Loan Documents, including costs and attorney's fees.

## SECOND CAUSE OF ACTION
### (Foreclosure on Security Agreement)

81.    Plaintiff repeats and realleges each allegation in paragraphs 1 through 80 hereof as if fully set forth herein.

82.    This cause of action is to foreclose the Mortgage insofar as it constitutes a security agreement under the Uniform Commercial Code of the State of New York ("UCC")

83.    The Mortgage also constitutes a "security agreement" within the meaning of, and creates a security interest under, the UCC, with respect to all accounts, fixtures and personalty, general intangibles, inventory, and other collateral constituting a part of the Personal Property. In the Mortgage, the Borrower granted to Lender a security interest and lien in all rights, titles, and interests then owned or thereafter acquired by the Borrower in the Personal Property.

84.    A UCC-1 financing statement covering the Personal Property was duly filed with the New York Department of State.

24

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

85.  As set forth above, Borrower has failed to comply with the terms and provisions of the Note and the other Loan Documents by failing, *inter alia*, to pay in full the interest due and payable to the Lender on April 10, 2020, May 10, 2020, June 10, 2020, July 10, 2020, August 10, 2020, September 10, 2020, October 10, 2020 and November 10, 2020..

86.  Borrower's failure to pay in full the interest due and payable to Lender on each of the scheduled payment dates is a breach of Section 2 of the Note and is an EOD under Section 7.1(a) of the Loan Agreement.

87.  In addition to Borrower's failure to pay in full the interest due and payable to Lender on each of the scheduled payment, Borrower is in default of the Loan Agreement as a result of, among other things, Borrower's failure to comply with Sections 5.23, 7.1(m), 7.1(h)(vii) and 7.1(q) of the Loan Agreement.

88.  By reason of the events of defaults. Plaintiff is now entitled to take possession of the Personal Property and to receive the proceeds from the sale thereof toward satisfaction of the Borrower's indebtedness, or to have the Personal Property deemed part of the Property upon foreclosure and sale thereof, without waiver of any of Plaintiff's other rights and remedies.

### THIRD CAUSE OF ACTION
**(As Against Guarantors, For Any Deficiency Pursuant to RPAPL § 1371)**

89.  Plaintiff repeats and realleges each allegation in paragraphs 1 through 88 hereof as if fully set forth herein.

90.  Plaintiff and Guarantor entered into the Senior Guaranty in which Guarantor guaranteed the payment of all Guaranteed Obligations which include: (i) Borrower's Recourse Liabilities and (ii) from and after the date that any Springing Recourse Event occurs, the payment of all the Indebtedness as and when the same is due in accordance with the Loan Documents.

25

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

91.    Lender has complied with all the terms and provisions of the Loan Documents and the Senior Guaranty.

92.    Plaintiff seeks to foreclose upon the Mortgage and, through the sale of the Property, recover the principal outstanding amount of $41,450,041.92, together with interest at the Default Interest Rate compounded monthly since April 10, 2020, the Protective Advances with interest at the Default Interest Rate compounded from the date each such advance was made, and any amounts to be added pursuant to the terms of the Loan Documents, including costs and attorneys' fees.

93.    Borrower has failed to use reasonable efforts to cause the Hotel Manager to maintain or repair the Premises.   Under the Senior Guaranty, any intentional physical waste of the premises permitted by Borrower, or from a failure by Borrower to (subject to the terms of the Hotel Management Agreement), or to use reasonable efforts to cause the Hotel Manager to, maintain or repair the Premises in the manner required by the Security Instrument or the Loan Documents is a Guarantor's Recourse Liability and a Guaranteed Obligation of Guarantor under the Senior Guaranty.

94.    Plaintiff requests that the Guarantor under the Senior Guaranty be adjudged to pay a portion of the Indebtedness (or all of the Indebtedness if there is a Springing Recourse Event) that remains unsatisfied after the sale of the Property, and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the RPAPL.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against defendants in its favor, adjudging and decreeing that:

26

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

      (A)     Defendants and all persons claiming under them, or any of them subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed from all estate, right, title and interest, claim, lien and equity of redemption of, in and to the Property more particularly described in this Complaint, including any buildings, improvements, fixtures and personal property appurtenant thereto and each part thereof;

      (B)     The Mortgage be foreclosed;

      (C)     The Mortgage, including all buildings and improvements, be ordered sold according to law and in such manner, as designated by plaintiff, to permit the sale of the parcels and lots either separately or together;

      (D)     Plaintiff be permitted to await the conclusion of the sale of all of the Property before seeking a deficiency judgment;

      (E)     The monies arising from the sale thereof be brought into Court;

      (F)     The amount due plaintiff under the Note as described above be adjudged, and from the money arising from the sale of the Property, plaintiff be paid (i) costs, expenses, allowances and disbursements of this action, the expenses of the sales, expenses paid by plaintiff during the pendency of this action, plaintiff's attorneys' fees as provided under the Loan Documents and any amounts advanced and paid by plaintiff pursuant to the terms and provisions of the Mortgage, the Note secured thereby and all other relevant Loan Documents, including, without limitation, taxes, water rates and sewer rents, insurance premiums and all other charges and liens upon the aforesaid Property; and (ii) the whole amount then due, owing or unpaid upon the Note due and outstanding from Borrower to plaintiff as described above, with interest on the unpaid principal at the Default Interest Rate compounded monthly since April 10, 2020, in such order and amounts as plaintiff may elect;

27

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM    INDEX NO. 850203/2020
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 12/16/2020

(G)    Plaintiff be permitted to bid for and acquire the Property or any part thereof and in lieu of paying cash therefor may make settlement for the purchase price by crediting the indebtedness secured under the Mortgage (or such lesser amount as Lender may elect) against the net sales price after deducting therefrom the expenses of the sale and the costs of the action and any other sums which plaintiff is authorized to deduct as provided in the Loan Documents;

(H)    A receiver of rents and profits of the Property be appointed during the pendency of this action with the usual powers and duties;

(I)    Borrower and Guarantor under the Recourse Guaranty pay any deficiency that may remain after applying all of the money derived from the sale of the Property as provided above;

(J)    Plaintiff be permitted to pursue a deficiency judgment should it or any other party successfully bid for and acquire the Property;

(K)    In the event that plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, plaintiff requests that such other lien(s) shall not be merged in plaintiff's cause(s) of action set forth in this Complaint but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings; and

(L)    Plaintiff may have such other relief as may be just and proper.

Dated: New York, New York
       December 16, 2020

ARNOLD & PORTER KAYE SCHOLER LLP

By:    _/s/ Eric N. Whitney_____
       James M. Catterson
       Eric N. Whitney
       Michael A. Lynn

28

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 850203/2020

RECEIVED NYSCEF: 12/16/2020

250 West 55th Street
New York, New York 10019
(212) 836-8000
james.catterson@arnoldporter.com
eric.whitney@arnoldporter.com
michael.lynn@arnoldporter.com

*Attorneys for Plaintiff*

29

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 850203/2020

RECEIVED NYSCEF: 12/16/2020

## VERIFICATION

STATE OF CHICAGO      )
                              ) ss.:

COUNTY OF COOK      )

David Maki, being duly sworn, declares under penalty of perjury that:

I am the authorized signatory for Plaintiff. I am authorized to sign this verification on behalf of plaintiff. I have read the foregoing complaint and to the best of my knowledge and belief the complaint is true and correct.

Heitman Credit Acquisition XV, LLC, a Delaware limited liability Company

By: Heitman Credit Holding, L.P., a Delaware limited partnership, its managing member

By Heitman Credit Holding GP, LLC, a Delaware limited liability company, its general partner

By Heitman Credit REIT, LLC, a Delaware limited liability company, its managing member

By: Heitman Core Real Estate Debt Income Trust, L.P., a Delaware limited liability partnership, its manager

By: Heitman Core Real Estate Debt Income Trust, LLC, a Delaware limited liability company, its general partner

By: _____
Name: David Maki
Title:   Authorized Signatory

On this 15th day of December, 2020, before me, David Maki, personally appeared, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument above and acknowledged that he executed the same for the purposes therein contained.

FILED: NEW YORK COUNTY CLERK 12/16/2020 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 850203/2020

RECEIVED NYSCEF: 12/16/2020

In witness whereof I hereunto set my hand.

_Notary Public_

Date Commission Expires: 9/19/2023

## ACKNOWLEDGEMENT

OFFICIAL SEAL
HEATHER N SHER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES SEP. 19, 2023

STATE OF CHICAGO    )
                    ) ss.:
COUNTY OF COOK      )

On the 15th day of December in the year 2020, before me, the undersigned notary public, personally appeared  David Maki, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Notary Public_

2

INDEX NO. 850203/2020
RECEIVED NYSCEF: 12/16/2020

## CERTIFICATE OF CONFORMITY

The undersigned does hereby certify that he/she is an attorney at law duly admitted to practice in the State of Illinois and is a resident of the State of Illinois; that he/she makes this affidavit in accordance with the requirements of the Clerk of the Cook County pertaining to the acknowledgement of the proof of the Verification of David Maki, to be filed in the Supreme Court of the State of New York, New York County; that the foregoing acknowledgment of David Maki named in the foregoing instrument taken before Heather Sher, a Notary in the State of Illinois, being the state in which it was taken, and based upon my review thereof, appears to conform with the law of the State of Illinois as to the purpose for which it is submitted and filed.

_____
D. Tyler Nurnberg

Sworn to before me this
15th day of December, 2020

_____
Notary Public

```
OFFICIAL SEAL
KATHLEEN E BASA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/10/22
```