# EXHIBIT H

# Barry N. Saltzman

| | |
|---|---|
| **From:** | Joseph Farelli |
| **Sent:** | Thursday, January 7, 2021 5:00 PM |
| **To:** | Pam Ozoria; Elliott D. Shriftman Esq. (Elliott.Shriftman@gmail.com) |
| **Cc:** | Rosenberg, Paul; Robert Lafferty; Alexander Soric; Bokerman, Amy; Joseph Farelli |
| **Subject:** | U20-180 NYHTC and Renwick Hotel |
| **Attachments:** | img-107165133-0001.pdf |
| **Importance:** | High |

Please see the attached correspondence regarding the above-referenced matter.
Thank you.

Susan E. Gempler
Administrative Assistant
Pitta LLP
120 Broadway, 28th Floor
New York, New York 10271
212-652-3841
sgempler@pittalaw.com

# PITTA LLP
Attorneys at Law

120 Broadway
28th Floor
New York, New York 10271
Telephone: (212) 652-3890
Facsimile: (212) 652-3891

**Joseph F. Farelli**
**Partner**
Direct Dial: (212) 652-3831
jfarelli@pittalaw.com

January 7, 2021

**VIA E-MAIL**

Impartial Chairperson Elliott Shriftman
Office of the Impartial Chairperson
321 West 44th Street, Room 400
New York, New York 10036

    Re:    **In the Matter of the Arbitration between the New York Hotel and Motel Trades Council, AFL-CIO ("Union") and the Renwick Hotel ("Hotel"), U20-180**

Dear Impartial Chairperson Shriftman:

This correspondence follows our December 22, 2020 letter requesting reconsideration of IC Award #2020-100 issued by you on December 16, 2020 ("Award") in the above-referenced matter. In further clarification of such request and the outstanding issues which must still be resolved by the Impartial Chairperson in this matter, the Union requests that the Impartial Chairperson address at the January 11, 2021 hearing the following issues:

1. Whether the Hotel is closed under IWA Article 52, entirely exclusive of IC Award #2020-75?

2. Whether the Hotel's contributions in accordance with IC Award #2020-20 should be credited towards any IWA Article 52 obligation to contribute to the Hotel Association of New York City, Inc. – Hotel Trades Council Health Benefits Fund ("Fund")?

3. Whether the Hotel is additionally or alternatively obligated under IWA Schedule B to make contributions to the Fund? If so, what amount of contributions to the Fund should be attributable to the Hotel?

4. If the Hotel is obligated to pay severance under IWA Article 52, whether the employees' original dates of hire should be used to calculate the owed severance pay?

5. Whether the Hotel is liable for statutory and contractual liquidated damages, penalties and interest? If so, what shall be the remedy?

{00680739-1}

Impartial Chairperson Elliott Shriftman
January 7, 2021
Page 2

6. Whether the Hotel failed to provide adequate notice of mass layoffs under federal and state laws? If so, what shall be the remedy?

7. Whether the Hotel violated IWA Article 57 and, if so, whether such violation supersedes its alleged violation of IWA Article 52? If the Hotel violated IWA Article 57, what shall be the severance pay due?

8. Whether the Hotel violated IWA Article 59? If so, what shall be the remedy?

9. Whether the Hotel improperly failed and refused to provide the Union with requested information? If so, what shall be the remedy?

Thank you for your attention to his matter.

Sincerely,

Joseph Farelli

cc: Paul Rosenberg, Esq. (via e-mail)
Robert Lafferty, Esq. (via e-mail)
Alex Soric, Esq. (via e-mail)
Amy Bokerman, Esq. (via e-mail)

{00680739-1}